FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, Appellant,

v.

Betty JONES, Appellee.

No. 2–83–006–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 17, 1983.

Oldham, Copeland & Barnard and Charles Oldham, Wichita Falls, for appellant.

Kearby Peery, Wichita Falls, for appellee.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellee, Betty Jones, brought suit on a contract insuring her mobile home, which was damaged in a fire. Jones originally purchased the mobile home in a damaged condition in 1979. With the help of her family she effected a number of repairs in order to restore the home to a livable condition, and at trial she estimated the property to be worth between $32,000 and $38,000. After restoring the home, Jones obtained a $20,000 fire policy from EMMCO Insurance Company which covered the mobile home. She also obtained a $25,000.00 fire policy from Farmers Texas County Mutual Insurance Company [hereinafter Farmers Mutual] which covered both the home and its personal property contents. Both policies contained "pro rata" or "other insurance" clauses, which provide that if the insured has other insurance against a loss, the insurer shall be liable only for the proportion of the total loss which the amount of the policy bears to the total amount of insurance on the property.

After the fire which virtually destroyed the property, EMMCO settled its liability to Jones for $12,000. Farmers Mutual denied any liability on its policy, claiming that Jones herself had burned the home. Jones then sued Farmers Mutual to recover on the policy. Trial was to a jury, which found that the value of the home was $12,300 and the value of the contents was $10,444.

Based upon the jury finding, the trial court held Farmers Mutual liable in the

amount of $10,444, plus interest, for the loss of the contents of the home. The court also held that under the pro rata clause in the policy Farmers Mutual was liable for an additional $6,833, plus interest, for the loss of the home. The court arrived at the $6,833 figure by multiplying $12,300, the value of the home as determined by the jury, by 25/45th, the proportion that the Farmers Mutual policy amount bore to the total amount of insurance on the property. From that judgment Farmers Mutual appeals.

In its first point of error, Farmers Mutual asserts that the trial court erred in awarding Jones $6,833, plus interest, for the loss of the home. It argues that because the jury valued the home at $12,300, Jones' receipt of a $12,000 settlement from EMMCO satisfied all but $300 of the loss. It also claims that since there was a $200 deductible provision in the EMMCO policy, payment of more than $100 in satisfaction of the claim would result in an overpayment of the loss and an unjust enrichment in favor of Jones. Farmers Mutual thus contends that Jones is entitled only to an additional $100.00 for the loss of the mobile home. We disagree.

In *Traders & General Ins. Co. v. Hicks Rubber Co.,* 140 Tex. 586, 169 S.W.2d 142 (1943), the Texas Supreme Court considered the nature of "other insurance" or "pro rata" clauses. In *Hicks,* the Supreme Court stated that as a general rule, if each of several insurers of the same property contracts to pay such a proportion of the loss as the amount insured by the company bears to the whole amount of the insurance obtained on the property, the payment of the whole loss by one insurer will not discharge the liability of the other insurers. The court's reasoning was that such pro rata contracts are several and independent of each other. *Hicks, supra,* at 148. The Supreme Court reaffirmed the *Hicks* analysis of pro rata clauses in *Employers Casualty Co. v. Transport Insurance Co.,* 444 S.W.2d 606 (Tex.1969). In that case, the court quoted with approval *Couch on Insurance* 2d (Rev ed) § 62:158:

"Where there are two insurers and the policy of each contains a prorata or coinsurer clause, each insurer is liable to the insured to its proportion of the loss, and payment by one of a larger amount *in no way affects the liability of the others* . . ." [Emphasis added].

Furthermore, the court again emphasized that the obligations of the insurers were separate and independent, and did not share a common liability.

■ In accordance with the *Hicks* and *Employers Casualty* cases, we hold that payment of $12,000 by EMMCO in no way affected the liability of Farmers Mutual for its share of the loss on the mobile home. The contract which Jones had with Farmers Mutual was separate and independent from her contract with EMMCO. Therefore, under the terms of the pro rata clause in the policy, Farmers Mutual is obligated to pay 25/45ths of the loss regardless of whether EMMCO made any payment.

■ We find no merit to the contention of Farmers Mutual that payment under the terms of its policy would result in unjust enrichment or overpayment to Jones. EMMCO was obligated under the terms of its policy to pay 20/45ths of the loss. Rather than litigate the matter, EMMCO determined its liability to be $12,000 and voluntarily settled the claim for that amount. Similarly, Farmers Mutual was liable under the pro rata clause in its policy for 25/45ths of any loss. It chose to have a jury determine the existence and amount, if any, of its loss, and the jury's finding that the loss was $12,300 obligated Farmers Mutual to pay Jones 25/45ths of that amount. Requiring Farmers Mutual to pay this sum in addition to EMMCO's payment does not result in overpayment, because EMMCO's payment was based on a separate valuation of the loss which is not binding here. The only loss amount relevant to this case is the $12,300 amount found by the jury, and the fact that EMMCO's estimation of the loss may have been greater is immaterial since EMMCO was not a party to this action. The value of the mobile home had been estimated by various witnesses at amounts

varying from $8,000 to $38,000. The jury's $12,300 estimate does not represent the value of the home for the purpose of determining the liability of EMMCO, but only that of Farmers Mutual. Point of error one is overruled.

Jones asserts in her No. One counterpoint that the trial court erred in requiring Farmers Mutual to pay only 25/45ths of the loss rather than the full amount. We reject this contention and overrule the counterpoint. The pro rata clause in the policy clearly limits the liability of Farmers Mutual to the proportion of the loss which the policy amount bears to the total amount of insurance.

In its second, third and fourth points of error, Farmers Mutual asserts that the trial court committed reversible error in excluding testimony which would show motive for arson. Farmers Mutual first complains of the trial court's refusal to allow testimony concerning the amount that Jones originally paid for the mobile home, and how much damage existed at the time of the purchase. The record reveals that Jones purchased the property for $5,000 after it had been seriously damaged by a tornado. She then spent approximately $700 for building material, and repaired the home with considerable assistance from family members. Farmers Mutual contends that the previous damage, the low purchase price and the small sum spent for building materials indicate that the value of the home at the time of the fire was far less than that which Jones claimed and there was, therefore, a motive for arson.

■ We hold that the court properly excluded the evidence at trial. As a general rule, evidence may be excluded by the trial court when the danger of creating undue prejudice in the minds of the jury outweighs its probative value. *Charter Medical Corp. v. Miller*, 605 S.W.2d 943 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.). In the instant case, the excluded evidence is only slightly probative of the market value of the trailer at the time of its loss. At the time Jones purchased the mobile home the market for such homes was depressed because of a recent tornado, and

this market may have improved by the time of the fire. Further, it is impossible to value the amount of repair work done on the trailer by Jones' family.

If the trial court had admitted evidence of the purchase price and the previous damage, it would have been highly prejudicial to the plaintiff. Too much danger existed that the jury would equate the purchase price of the home with its market value on the date of the loss when there may have been little correlation between the two. Since the danger of prejudicial effect clearly outweighed the slight probative value of the evidence, the trial court acted properly in excluding it.

■ Farmers Mutual also argues that the trial court erred in withholding from the jury evidence that Jones had other insurance on the property at time of the loss. It contends that this evidence also indicates a motive for arson, and should have been admitted. We disagree. This evidence is of no probative value in establishing arson, because the pro rata clauses in both policies ensured that each company would only pay a portion of the loss. The evidence is highly prejudicial to Jones, however, because it focuses the mind of the jury on a potential for a double recovery when in fact none existed. We hold that the evidence of other insurance was properly excluded. Points of error two, three and four are overruled.

The judgment is affirmed.